UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROINER JOSE MOLINA-MOLINA,

        Petitioner,

    v.

SECRETARY KRISTI NOEM,
GARRETT J. RIPA, ICE,
DEPARTMENT OF HOMELAND
SECURITY (DHS), ATTORNEY
GENERAL PAMELA BONDI,
EOIR,  WARDEN OF GLADES
COUNTY DETENTION CENTER,

        Respondents.

Case No. 2:26-cv-605-KCD-NPM

_____/

## ORDER

Petitioner Roiner Jose Molina-Molina has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"). (*Id.* at 5.) Respondents oppose the petition. (Doc. 7.) For the reasons below, the petition is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

Molina-Molina illegally entered the United States on February 3, 2023. (Doc. 7-1.) Important for reasons discussed below, he was detained at the border and released. (*Id.*) Molina-Molina was recently arrested by ICE and has been in immigration custody since December 16, 2025. (*Id.*) After processing, he landed at the Glades County Detention Center in the Middle District of Florida.

## II. Discussion

Molina-Molina's habeas petition argues that his detention violates the INA because he has not been provided a bond hearing. (Doc. 1 at 5.)

Sections 1225 and 1226 of the INA govern the detention of noncitizens before a final order of removal. The former provision covers "inadmissible arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1). So-called "'applicants for admission' in the language of the statute." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Id.* The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." *Id.* at 288.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens *already in the country* pending the

outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing before an immigration judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

According to Molina-Molina, he is entitled to a bond hearing under § 1226. (Doc. 1 at 5.) But this argument runs headlong into the facts. Molina-Molina was apprehended at the border. That puts him squarely under § 1225. *See, e.g.*, *Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D. Fla. Oct. 29, 2025) ("[Section] 1225 applies to noncitizens arriving at a border or port and are presently seeking admission into the United States."). The fact that Molina-Molina spent time in the United States after being released—and was eventually apprehended in the country—does not change his classification. *See Jennings*, 583 U.S. at 288 ("[W]hen the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant

3

for admission to the United States.'" (quoting 8 U.S.C. § 1182(d)(5)(A)));

*Moore v. Nielsen*, No. 4:18-cv-01722-LSC-HNJ, 2019 WL 2152582, at \*3 (N.D.

Ala. May 3, 2019) ("[A]lthough aliens seeking admission into the United

States may physically be allowed within its borders pending a determination

of admissibility, such aliens are legally considered to be detained at the

border and hence as never having effected entry into this country."); *Singh v.*

*Noem*, No. CIV 25-1110 JB/KK, 2026 WL 146005, at \*36 (D.N.M. Jan. 20,

2026).

Section 1225 says nothing "whatsoever about bond hearings." *Jennings*,

583 U.S. at 297. So Molina-Molina's continued detention without a bond

hearing cannot be in violation of the INA.

### III. Conclusion

Based on the record provided, Molina-Molina's detention does not

violate the INA.[2] He is thus not entitled to habeas relief on the arguments

presented, and the petition (Doc. 1) is **DENIED**. The Clerk is directed to

terminate any pending motions and deadlines and close the case. The Clerk

---

[2] Molina-Molina also argues that he is entitled to relief under a California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). *Bautista* has no application here because Molina-Molina falls outside the proposed class since he was "apprehended upon arrival." *Id.* at \*9. In addition, the Court does not find *Bautista* binding here. *See, e.g., Sanchez-Moralez v. Field Off. Dir., Miami Field Off., U.S. Immigr. & Customs Enf't*, No. 26-CV-20217-JB, 2026 WL 496726, at \*2 (S.D. Fla. Feb. 23, 2026).

is further directed to terminate the Warden of Glades County Detention Center.[3]

**ORDERED** in Fort Myers, Florida on March 25, 2026.

Kyle C. Dudek
United States District Judge

---

[3] The Government requests that, pursuant to its Inter-Governmental Services Agreement for Glades County Detention Center, it be substituted for the Warden of Glades County Detention Center. (Doc. 7 at 1 n.1 (citing Inter-Governmental Services Agreement for Glades County Detention Center, Doc. 7-2 at 12.)) Because ICE is already listed as a Respondent, substitution isn't necessary. The Warden needs to simply be terminated from the case.